UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

LINDA O. MACARAEG,
Plaintiff,
v.
UNITED STATES OF AMERICA,
Defendant.

Case No.: 3:26-cv-02598-JES-MMP

**ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO PROCEED IN FORMA PAUPERIS**

**[ECF No. 2]**

Plaintiff Linda O. Macaraeg ("Plaintiff") filed a complaint seeking a refund for alleged tax overpayments made for tax years 2009 and 2010, respectively. *See generally* ECF No. 1 ("Compl."). Plaintiff also filed a Motion for Leave to Proceed *in forma pauperis* ("IFP"). ECF No. 2 ("Mot."). For the reasons discussed below, the Court **GRANTS** the IFP motion.

## I. BACKGROUND

Around March 18, 2013, the Internal Revenue Service ("IRS") prepared substitute tax returns for Plaintiff for tax years 2009 and 2010. Compl. ¶¶ 7, 11. Around July 29, 2013, Plaintiff filed self-prepared tax returns for tax years 2009 and 2010, correcting the IRS-filed substitute returns. *Id.* ¶¶ 8, 12. On December 27, 2022, Plaintiff paid $42,665.78 to the IRS to satisfy the outstanding tax liability for tax year 2009. *Id.* ¶ 9. On that same

date, Plaintiff made a payment in the amount of $78,288.78 to the IRS for tax year 2010. *Id.* ¶ 13.

At that time, Plaintiff was unaware that she was exempt from the IRS-imposed 10% penalty for early withdrawals from her retirement account. *Id.* ¶¶ 10, 14. After being armed with this new information, around August 14, 2023, Plaintiff amended her 2009 tax return by filing IRS Form 1040X ("1040X"). *Id.* ¶ 10. Plaintiff's amended 2009 tax return resulted in a tax refund of $8,120. *Id.* Around August 28, 2023, Plaintiff also filed a 1040X to amend her 2010 tax return. *Id.* ¶ 14. This amendment resulted in a tax refund, in the amount of $10,670. *Id.*

Around January 26, 2024, Plaintiff contacted the IRS about the status of her 2009 and 2010 refund claims. *Id.* ¶ 15. Around February 20, 2024, the IRS notified Plaintiff that she would be contacted within 60 days. *Id.* Plaintiff has not received any response or refund from the IRS as of the date of filing of the complaint. *Id.* ¶ 16. On April 23, 2026, Plaintiff filed this suit to recover the excess tax payments from the IRS. *See generally* Compl.

## II. LEGAL STANDARD

### A. Motion to Proceed IFP

Parties instituting a civil action must pay a filing fee of $405[1] unless they are granted leave to proceed IFP pursuant to 28 U.S.C. § 1915(a). A party need not "be absolutely destitute" to proceed IFP. *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948). "Nonetheless, a plaintiff seeking IFP status must allege poverty 'with some particularity, definiteness, and certainty.'" *Escobedo v. Applebees*, 787 F.3d 1226, 1234 (9th Cir. 2015) (quoting *United States v. McQuade*, 647 F.3d 938, 940 (9th Cir. 1981)). To that end, "[a]n affidavit in support of an IFP application is sufficient where it alleges that the affiant cannot pay the court costs and still afford the necessities of life." *Id.* "But, the

---

[1] In addition to the $350 statutory fee, civil litigants must pay an additional administrative fee of $55. *See* 28 U.S.C. § 1914(a) (Judicial Conference Schedule of Fees, District Court Misc. Fee Schedule, § 14 (eff. Dec. 1, 2023). The additional $55 administrative fee does not apply to persons granted leave to proceed IFP. *Id.*

same even-handed care must be employed to assure that federal funds are not squandered to underwrite, at public expense, either frivolous claims or the remonstrances of a suitor who is financially able, in whole or in part, to pull his own oar." *Temple v. Ellerthorp*, 586 F. Supp. 848, 850 (D.R.I. 1984).

**B. Screening under 28 U.S.C. § 1915(e)**

The Court screens complaints brought by persons proceeding *pro se* and IFP. 28 U.S.C. § 1915(e)(2). Plaintiff's complaint, or any portion thereof, is subject to dismissal if it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief...." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged. *Iqbal*, 556 U.S. at 678 (quotation marks omitted); *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009). The sheer possibility that a defendant acted unlawfully is not sufficient, and mere consistency with liability falls short of satisfying the plausibility standard. *Iqbal*, 556 U.S. at 678 (quotation marks omitted); *Moss*, 572 F.3d at 969.

//

//

//

## III. DISCUSSION

### A. Motion to Proceed IFP

It is within the court's discretion to determine whether a plaintiff can afford the $405 filing fee. *Kinney v. Plymouth Rock Squab Co.*, 236 U.S. 43, 46 (1915). Courts have, generally, found a plaintiff unable to pay the filing fee when doing so would create an undue financial burden. *Escobedo*, 787 F.3d at 1234-35. One factor courts consider is whether paying the fee would prevent the plaintiff from affording life's necessities. *Adkins*, 335 U.S. at 339.

Here, Plaintiff reports monthly income for April 2026 to be $4,216. Mot. at 1-2. However, in May or June 2026, she expects a reduction of $1,200 in her monthly income, due to lost rental revenue. *Id.* at 5. Thus, Plaintiff's May 2026 monthly income is $3,016. Plaintiff declares to have monthly expenses that total $3,133. *Id.* at 4-5. Plaintiff's monthly expenses exceed her monthly income by $117. *Id.* at 2-5. Accordingly, the Court finds that Plaintiff is unable to pay the $405 filing fee and still afford life's necessities. *Adkins*, 335 U.S. at 339. Plaintiff's IFP motion is **GRANTED**.

### B. Screening under 28 U.S.C. § 1915(e)

A party may not proceed IFP if the asserted suit is frivolous, malicious, or fails to state a claim upon which relief can be granted. 28 U.S.C. § 1915; *Lopez v. Smith*, 203 F.3d 1122, 1126 (9th Cir. 2000). At the IFP stage, courts, generally, analyze the legal sufficiency of a claim similarly to those challenged by a Federal Rule of Civil Procedure 12(b)(6) motion to dismiss. *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012); *see Iqbal*, 556 U.S. at 678 (explaining that plaintiff must provide sufficient facts for the court to reasonably infer that the defendant may have committed the alleged misconduct).

To state a viable claim for a tax refund, plaintiff must demonstrate that: (1) the United States erroneously assessed or collected taxes; (2) the outstanding taxes were paid prior to filing suit; (3) the taxpayer filed a timely refund claim with the IRS; (4) the taxpayer filed suit timely; and (5) the IRS refund claim was: (i) signed, (ii) verified, and (iii) stated the grounds for relief with sufficient supporting facts. §§ 6532(a)(1), 7422; *Shields v.*

*United States*, 136 Fed. Cl. 37, 44 (2018); *Gaynor v. United States*, 150 Fed. Cl. 519, 524 (2020); *Brown v. United States*, 22 F.4th 1008, 1010 (Fed. Cir. 2022).

**1. Erroneous Assessment or Collection of Taxes**

A taxpayer seeking a refund of taxes erroneously or unlawfully assessed or collected may bring an action against the United States. *Gaynor*, 150 Fed. Cl. at 524. Such an assessment or collection occurs when the IRS illegally or wrongfully collects more money than it is entitled to from a taxpayer. *Byrne v. United States*, 127 Fed. Cl. 284, 290 (2016).

Here, the IRS prepared substitute tax returns for 2009 and 2010, assessing taxes against Plaintiff. Compl. ¶¶ 7, 11 The IRS assessed taxes in the amount of $59,694 for 2009 and $104,467 for 2010. *Id.* These assessments included a 10% penalty for early withdrawal from Plaintiff's retirement account. *Id*. ¶¶ 10, 14. On July 29, 2013, Plaintiff filed her own tax return for tax years 2009 and 2010 which reduced the assessed taxes by $26,112 for 2009 and $61,958 for 2010. *Id.* ¶¶ 8, 12. On December 27, 2022, Plaintiff paid $42,665.78 to the IRS for tax year 2009 and $78,288.78 for tax year 2010. *Id.* ¶¶ 9, 13.

Subsequently, Plaintiff learned that she was not subject to the 10% early withdrawal penalty because she was permanently disabled at the time of the distribution. *Id.* ¶¶ 10, 14. On April 28, 2023, Plaintiff filed a 1040X, an amended 2010 tax return, which resulted in a tax overpayment/refund to Plaintiff in the amount of $10,670. *Id.* ¶ 14. On August 14, 2023, Plaintiff filed a 1040X, an amended 2009 tax return, which resulted in a tax overpayment/refund to Plaintiff in the amount of $8,120. *Id.* ¶ 10.

Thus, the $42,665.78 and $78,288.78 included more money paid to the IRS than it was entitled to from Plaintiff. Therefore, the IRS erroneously collected $8,120 in taxes for tax year 2009 and $10,670 in taxes for tax year 2010. *Byrne*, 127 Fed. Cl. at 290.

**2. Taxes Were Paid Prior to Filing Suit**

A taxpayer must pay his outstanding tax liability to the IRS prior to filing suit. *Flora v. United States*, 362 U.S. 145, 177 (1960) (finding 28 U.S.C. § 1346(a)(1) "requires full payment of the assessment before an income tax refund suit can be maintained in a Federal District Court").

Here, Plaintiff paid her outstanding 2009 and 2010 tax bills on December 27, 2022. Compl. ¶¶ 9, 13. More than three years later, Plaintiff filed this suit on April 23, 2026. *See generally* Compl. Thus, Plaintiff made full payment of the assessed taxes before filing suit. *See Flora*, 362 U.S. at 177.

**3. Plaintiff Timely Filed Refund Claim**

An IRS refund claim must be filed within three years of filing the return or two years of when the overpayment was made. 26 U.S.C. § 6511(a); *Barse v. United States*, 957 F.3d 883, 886 (8th Cir. 2020).

Here, Plaintiff made the overpayment on December 27, 2022, and filed the amended tax returns on August 14, 2023, for tax year 2009 and April 28, 2023, for tax year 2010. Compl. ¶¶ 9-10, 13-14. Therefore, Plaintiff filed the IRS refund claim within two years of when the overpayment was made.

**4. Plaintiff Timely Filed Suit**

A suit must be brought: (1) after six months have passed since filing the refund claim; or (2) in the event the IRS denies the claim—by issuing a Notice of Disallowance—within two years of the date of the Notice. 26 U.S.C. § 6532(a)(1); *Valero Mktg. & Supply Co. v. United States*, 422 F. Supp. 3d 1206, 1210–11 (W.D. Tex. 2019); *Byrne*, 127 Fed. Cl. at 291.

In February 2024, the IRS responded to Plaintiff's refund claim, advising her that she would be contacted within 60 days. Compl. ¶ 15. As of the date of filing of the complaint, Plaintiff had not received any additional correspondence from the IRS regarding her 2009 or 2010 refunds. *Id.* ¶ 16. Since the IRS has neither issued nor denied the 2009 or 2010 tax refund claims, Plaintiff was required to wait six months after filing the claim before she could file suit.

Plaintiff filed this suit on April 23, 2026, roughly two years and eight months after filing her IRS refund claim, filed in August 2023. Compl. ¶ 10. Therefore, Plaintiff has waited more than six months for the IRS to respond before bringing this action. Thus, this suit was brought more than six months since Plaintiff filed the refund claim.

### 5. Additional Requirements for IRS Refund Claim

#### a. The IRS Refund Claim was Signed

An IRS refund claim must be signed by the taxpayer. 26 U.S.C. § 6061; *Brown*, 22 F.4th at 1010. Individuals may file a refund claim by submitting a 1040X. 26 C.F.R. § 301.6402-3(a)(2); *Shields*, 136 Fed. Cl. at 44.

Here, Plaintiff paid the outstanding tax bill for tax years 2009 and 2010. Compl. ¶¶ 9, 13. On April 22, 2023, Plaintiff signed a 1040X for tax year 2009 and a separate 1040X for tax year 2010, which served as the amended refund claims. ECF Nos. 1-2 at 3; 1-3 at 3; *Shields*, 136 Fed. Cl. at 44. Thus, the IRS refund claims, were signed by Plaintiff.

#### b. The IRS Refund Claim was Verified

An IRS refund claim must be verified by a written declaration, made under penalty of perjury. 26 U.S.C. § 6065. The refund claim requires the taxpayer's signature to verify under penalty of perjury. *See* ECF Nos. 1-2 at 3; 1-3 at 3.

Here, Plaintiff made a written declaration under penalties of perjury through her amended 1040X for the 2009 and 2010 tax years. ECF Nos. 1-2 at 2-3; 1-3 at 2-3. A 1040X contains a declaration under penalty of perjury on its signature page, which Plaintiff signed. *See* ECF Nos. 1-2 at 3; 1-3 at 3. Therefore, Plaintiff verified the IRS refund claim by written declaration.

#### c. The IRS Refund Claim had Sufficient Details of Grounds and Facts to Issue a Refund

An IRS refund claim must state each ground for the requested refund and provide sufficient facts to allow the IRS to evaluate the claim set forth. 26 C.F.R. § 301.6402-2(b)(1); *Brown*, 22 F.4th at 1012. A refund claim may be filed by submitting a 1040X. 26 C.F.R. § 301.6402-3(a)(2); *Shields*, 136 Fed. Cl. at 44.

Here, Plaintiff submitted a 1040X to amend her 2009 tax return and claim a refund on or around August 14, 2023. Compl. ¶ 10. Plaintiff also submitted a 1040X to amend her 2010 tax return and claim a refund on or around April 28, 2023. *Id.* ¶ 14. The amended returns explain that the 10% early withdrawal penalty should not have been assessed

against her because Plaintiff qualified for the disability exception. *Id.* ¶¶ 10, 14. Plaintiff also completed 1040X by providing the tax liability and payment calculations supporting her refund claim. *Id.* Those calculations show that Plaintiff overpaid her taxes by $8,120 for tax year 2009, and $10,670 for tax year 2010, the amounts for which she seeks a refund. *Id.* ¶¶ 10, 14. Therefore, Plaintiff's refund claim states the grounds for relief, provides supporting facts, and clearly identifies the refund amounts sought. Thus, the IRS had sufficient information to determine Plaintiff's tax liability and issue the requested refunds.

As all the elements have been met, the Court finds that, for purposes of 28 U.S.C. § 1915(e), Plaintiff has stated a viable claim for relief with respect to her 2009 and 2010 IRS refund claims.

## IV. CONCLUSION

For the reasons stated above, the Court finds that Plaintiff is unable to pay the filing fee and that the complaint states a nonfrivolous claim. Accordingly, the Court **GRANTS** Plaintiff's Motion to Proceed IFP. The Clerk of Court is directed to issue a summons. Plaintiff must comply with Federal Rule of Civil Procedure 4(i) when serving the United States. *See* Fed. R. Civ. P. 4(i). The Court directs Plaintiff to the Court's public website to guide her on how to serve the United States. *See* www.casd.uscourts.gov/_assets/pdf/attorney/prose/self-help/Service%20-%20US%20Government%20One%20Pager.pdf.

**IT IS SO ORDERED**.

Dated: November 2, 2026

Honorable James E. Simmons Jr.
United States District Judge